**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

KAREN R.,

                        Plaintiff,

     v.                                      1:17-CV-1232
                                                      (DJS)

NANCY A. BERRYHILL, _Acting
Commissioner of Social Security_,

                        Defendant.

_____

**APPEARANCES:**                      **OF COUNSEL:**

KAREN R.
Plaintiff, _Pro Se_
19 Maple Avenue
Acra, NY 12405

U.S. SOCIAL SECURITY ADMIN.    LUCY WEILBRENNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL  MARIA P. FRAGASSI SANTANGELO,
REGION II                              ESQ.
Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

**DANIEL J. STEWART
United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

     Plaintiff _pro se_, Karen R., brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. _See_ Dkt. No. 4 & General Order 18.

not disabled for purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court is the Commissioner of Social Security's Motion for Judgment on the Pleadings. Dkt. No. 16. Despite several orders from the Court directing her to file a brief supporting her claim for relief, Plaintiff failed to do so. Dkt. Nos. 14, 15, & 18. For the reasons set forth below, Defendant's Motion for Judgment on the Pleadings is granted. The Commissioner's decision is affirmed and the Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1968. Dkt. No. 13, Admin. Tr. ("Tr."), p. 204. Plaintiff reported completing high school. Tr. at p. 145. She has past work experience as a bank teller and at a nursing home. Tr. at p. 146. Plaintiff alleges disability based upon hip, shoulder, knee, arm, and elbow pain; degenerative disc disease; endometriosis; generalized anxiety disorder; and depressive disorder. Tr. at p. 144 & 204.

### B. Procedural History

Plaintiff applied for disability insurance benefits on September 30, 2014. Tr. at p. 204. She alleged a disability onset date of November 5, 2013. Tr. at pp. 141 & 204. Plaintiff's application was initially denied on February 26, 2015, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at p. 141. Plaintiff appeared at a hearing before ALJ David F. Neumann on August 11, 2016. Tr. at pp. 31-63. On October 26, 2016, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 15-26. On September 18,

2

2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 5, 2013, the alleged onset date. Tr. at p. 17. Second, the ALJ found that Plaintiff had the following severe impairments: Cervical and lumbar degenerative disc disease, bilateral knee degenerative joint disease, right shoulder rotator cuff tendinitis/bursitis, status post hip arthroplasty, sleep apnea, obesity, major depressive disorder and generalized anxiety disorder. *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 18. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work except:

> The claimant can perform simple, routine, repetitive work at a specific vocational preparation of 1 or 2, in low stress job, defined as, having no more than occasional changes in the work setting. She can have occasional contact with supervisors, coworkers and the public. She can lift and carry five pounds frequently and 10 pounds occasionally, sit for seven hours, with normal breaks, in an eight-hour workday and stand and/or walk one hour, with normal breaks, in an eight-hour workday. She can perform pushing and pulling motion with her upper and lower extremities within the aforementioned weight restrictions, no work above shoulder level. She can occasionally climb stairs and ramps, stoop, balance, and crawl and she should avoid climbing ladders, ropes, and scaffolds, crouching and kneeling. She should avoid driving a motor vehicle.

3

Tr. at p. 21. Fifth, the ALJ found that Plaintiff could not perform her past relevant work as a bank teller. Tr. at p. 25. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. at pp. 25-26. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 26.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than

4

one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

5

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### C. Plaintiff's *Pro Se* Status

Given that Plaintiff is proceeding *pro se* the Court is mindful of its obligation to "engage in a searching inquiry when deciding whether substantial evidence supports an administrative fact finding, whether or not a *pro se* litigant is perceptive enough to identify a specific evidentiary deficiency." *Smith v. Comm'r of Soc. Sec.*, 2014 WL 3392336, at *4 (N.D.N.Y. July 10, 2014) (citing *Monette v. Astrue*, 269 Fed. Appx. 109, 110 (2d Cir. 2008)). The Northern District's General Order 18 provides that "[t]he

6

failure to file a brief by either party may result in the consideration of the record without the benefit of the party's arguments." It further provides that in "the event a plaintiff fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute." Defendant has not chosen to file such a motion here. "Accordingly, the Court has, despite Plaintiff's failure to file a brief, examined the record to determine whether the ALJ applied the correct legal standards and reached a decision based on substantial evidence." *Dozier v. Colvin*, 2013 WL 1294312, at *6 (N.D.N.Y. Mar. 26, 2013).

### III. ANALYSIS

#### A. The Five Step Sequential Analysis

Since Plaintiff has not identified potential errors in the ALJ's analysis, the Court has examined the record at each step of the sequential analysis for error.

"At step one of the sequential analysis, the ALJ must consider a plaintiff's work activity during the period of alleged disability." *Parks v. Comm'r of Soc. Sec.*, 2016 WL 590227, at *4 (N.D.N.Y. Feb. 11, 2016) (citing C.F.R. § 404.1520(a)(i)). "If the claimant is currently engaged in substantial gainful employment, she will be found not disabled." *Ewing v. Astrue*, 2013 WL 1213129, at *4 (N.D.N.Y. Mar. 22, 2013). Here, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the alleged onset date of her disability. Tr. at p. 17. The record supports this conclusion. Tr. at pp. 136 (earnings record reflecting no income in years 2014-2016).

7

"At step two of the sequential analysis, the ALJ must determine whether the claimant has a 'severe medically determinable physical or mental impairment.'" *Pepper v. Comm'r of Soc. Sec.*, 2015 WL 3795879, at *2 (N.D.N.Y. June 17, 2015) (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). A condition will be found not severe when it does not significantly impact or limit the individual's ability to do basic work. *Id.* Prior to her hearing before the ALJ, Plaintiff identified twelve distinct impairments that she alleged to be suffering from:

> Right hip degenerative changes post 4/5/16 total hip arthroplasty; Lumbar stenosis, degenerative disc disease; Bilateral knee degenerative changes; Cervical degenerative disc disease; Right shoulder impingement/tendonitis; Right lateral epicondylitis; Left shoulder impingement post 12/09 surgery; Left lateral epicondylitis post 9/17/10 surgery; Left cubital tunnel syndrome; Endometriosis; Generalized anxiety disorder; and Depressive disorder.

Tr. at p. 204 (citations omitted). The ALJ found the following severe impairments: cervical and lumbar degenerative disc disease, bilateral knee degenerative joint disease, right shoulder rotator cuff tendinitis/bursitis, status post hip arthroplasty, sleep apnea, obesity, major depressive disorder and generalized anxiety disorder. Tr. at p. 17. The ALJ also identified hypertension, gastroesophageal reflux disease, and asthma as non-severe impairments. *Id.*

"The 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a condition severe." *Bergeron v. Astrue*, 2011 WL 6255372, at *3 (N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, 2008 WL 833968, at *2 (N.D.N.Y. 2008)).

8

Plaintiff claimed to suffer from lateral epicondylitis in both arms. Tr. at p. 204. The most recent medical records in the source cited by Plaintiff as support, however, made numerous references to that condition being "mild." Tr. at pp. 215-216. Clinical findings of a mild condition support the ALJ's decision not to make a specific finding of severity as to those conditions. *Bailey v. Berryhill*, 2019 WL 427320, at *3 (D. Conn. Feb. 4, 2019); *Dillingham v. Astrue*, 2010 WL 3909630, at *5 (N.D.N.Y. Aug. 24, 2010), *report and recommendation adopted*, 2010 WL 3893906 (N.D.N.Y. Sept. 30, 2010).

Substantial evidence also supported the ALJ's finding that endometriosis was not a severe medical impairment. Tr. at p. 18. The ALJ reviewed the medical record and determined that this, and related, conditions had been addressed by successful surgery and that the "record does not document complications[,] subsequent surgery[,] or complaints of ongoing problems." *Id.* (citing medical records). A review of the medical records cited by the ALJ clearly provides substantial evidence to support the conclusion that this was not an impairment that significantly limited Plaintiff's ability to work. *See* 20 C.F.C. § 404.1521(b).

The ALJ's decision does not reflect whether he considered Plaintiff's complaints of left shoulder impingement and carpal tunnel syndrome to be severe impairments. The Court nonetheless concludes that even were this error, the error is harmless. "The omission of an impairment at step two may be deemed harmless error, particularly where the disability analysis continues and the ALJ later considers the impairment in her RFC

9

determination." *Pascal T. v. Berryhill*, 2019 WL 316009, at *7 (N.D.N.Y. Jan. 24, 2019) (citing cases); *see also Margarita S. v. Comm'r of Soc. Sec.*, 2019 WL 266678, at *5 (N.D.N.Y. Jan. 18, 2019); *Terry M. v. Comm'r of Soc. Sec.*, 2018 WL 6807218, at *5 (N.D.N.Y. Dec. 27, 2018). The ALJ discussed Plaintiff's various complaints of upper extremity pain in the remainder of his opinion and the RFC identified by the ALJ clearly addressed hand, arm, and shoulder limitations. Tr. at pp. 21-24. Given that these limitations were considered in the overall evaluation of Plaintiff's functional limitations, the failure to specifically discuss them at step two was harmless. *Woodside v. Comm'r of Soc. Sec.*, 2016 WL 796075, at *2 (N.D.N.Y. Feb. 23, 2016) (citing cases).

"Step three requires a determination as to 'whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.'" *Rivas v. Barnhart*, 2005 WL 183139, at *19 (S.D.N.Y. Jan. 27, 2005) (quoting *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Here, the ALJ considered whether Plaintiff's conditions met the listings for musculoskeletal and respiratory impairments, as well as mental disorders, and concluded that they did not. Tr. at pp. 18-21. Upon review, the ALJ's conclusions in this regard are supported by substantial evidence.

The ALJ specifically addressed Listings 12.04 & 12.06 and found that Plaintiff did not satisfy the criteria for either. Tr. at pp. 18-21. "To meet Listing 12.04, a claimant must satisfy the diagnostic description in the introductory paragraph of 12.04, and meet the additional requirements of § 12.04(A) and (B), or § 12.04(C)." *Green v. Comm'r of Soc. Sec.*, 2016 WL 1020859, at *5 (N.D.N.Y. Mar. 14, 2016) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00(A) & 12.04). Similarly, "[i]n order to meet Listing 12.06, Plaintiff must show that she meets the criteria under paragraph A of the Listing and either paragraphs B or C." *Tiffany C. v. Comm'r of Soc. Sec.*, 2018 WL 4610676, at *4 (N.D.N.Y. June 20, 2018), *report and recommendation adopted sub nom. Tiffany C. v. Berryhill*, 2018 WL 3344212 (N.D.N.Y. July 9, 2018) (citing 20 C.F.R. § 404, Subpart P, App. 1, § 12.06 (2014)). Part B of both listings requires a showing of either extreme or marked limitation. 20 C.F.R. Pt. 404, Subpt. P., App. 1, §§ 12.04 & 12.06. Part C requires that any condition meet a durational requirement. *Id.*

The ALJ undertook a full and complete review of the medical evidence presented on the record in evaluating whether these requirements were met. Tr. at pp. 18-21. He did a detailed analysis of the relevant records and applied the proper standards. The ALJ's conclusion that Plaintiff does not have marked restriction of daily activities, social functioning, or concentration, persistence or pace or that she has not experienced repeated episodes of decompensation of extended duration or that her condition does not satisfy the duration requirements under Part C was supported by substantial

11

evidence. The Court finds that there is no basis for concluding that the ALJ erred in his analysis.

The ALJ also noted that he considered Listings 1.00 & 3.00, but did not provide a detailed explanation of his conclusion that Plaintiff did not meet any portion of either Listing. Tr. at p. 18. To the extent this failure to provide an explanation was error it was harmless inasmuch as the Court has conducted a "searching inquiry of the entire evidentiary record" which fails to disclose any basis for finding that Plaintiff satisfied the criteria for either listing. *Insel v. Colvin*, 2014 WL 4804282, at *3 (N.D.N.Y. Sept. 26, 2014) (finding harmless error when ALJ failed to specifically address listing requirement).

Prior to moving to step 4, the ALJ must determine the Plaintiff's residual functional capacity. 20 C.F.R. § 404.1520(e); *Hall v. Colvin*, 2016 WL 6989806, at *10 (N.D.N.Y. Nov. 29, 2016). "In assessing a claimant's RFC, an ALJ must consider all of the relevant medical and other evidence, including a claimant's subjective complaints of pain." *Mills v. Astrue*, 2012 WL 6681685, at *3 (N.D.N.Y. Dec. 21, 2012) (internal quotations and citations omitted); *see also Knapp v. Apfel*, 11 F. Supp. 2d 235, 238 (N.D.N.Y. 1998) ("The RFC is determined by considering all relevant evidence"). The question for the Court is whether the RFC is supported by substantial evidence. *Mills v. Astrue*, 2012 WL 6681685, at *3.

The ALJ found Plaintiff had the RFC to:

perform simple, routine, repetitive work at a specific vocational preparation of 1 or 2, in low stress job, defined as, having no more than occasional changes in the work setting. She can have occasional contact with supervisors, coworkers and the public. She can lift and carry five pounds frequently and 10 pounds occasionally, sit for seven hours, with normal breaks, in an eight-hour workday and stand and/or walk one hour, with normal breaks, in an eight-hour workday. She can perform pushing and pulling motion with her upper and lower extremities within the aforementioned weight restrictions, no work above shoulder level. She can occasionally climb stairs and ramps, stoop, balance, and crawl and she should avoid climbing ladders, ropes, and scaffolds, crouching and kneeling. She should avoid driving a motor vehicle.

Tr. at p. 21. The ALJ's decision undertook the required thorough analysis of the medical opinions and medical records in explaining his conclusions. Tr. at pp. 21-24. In doing so he noted that no treating physician offered a medical opinion on Plaintiff's physical functional capacity, but that he did have several consultative examiner's opinions on which to rely. Tr. at p. 24. "State agency medical consultants are recognized experts in evaluation of medical issues in disability claims under the Act. Accordingly, their opinions can constitute substantial evidence." *Noble v. Comm'r of Soc. Sec.*, 2015 WL 1383625, at *8 (N.D.N.Y. Mar. 25, 2015) (internal citation omitted); *see also Peryea v. Comm'r of Soc. Sec.*, 2014 WL 4105296, at *7 (N.D.N.Y. Aug. 20, 2014).

Dr. Arthur McGinn provided a medical source statement which the ALJ gave great weight. Tr. 24. Dr. McGinn found that Plaintiff had moderate limitations on her ability to understand and remember instructions, but only a mild limitation on her ability to carry out simple instructions. Tr. at p. 547. Dr. McGinn also found moderate limitations on Plaintiff's ability to interact well with supervisors, coworkers, and the

13

public. The ALJ placed certain non-exertional limitations on Plaintiff's RFC. Included among them, were limiting her to simple, routine, and repetitive work in a low stress job, as well as having only occasional contact with other workers and the general public. Tr. at p. 21. Dr. McGinn's findings provide substantial evidence for these limitations. *Allen v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 327, 338 (W.D.N.Y. 2018); *Robinson v. Comm'r of Soc. Sec.*, 2018 WL 3372962, at *3 (W.D.N.Y. July 11, 2018). The ALJ also indicated that Plaintiff should avoid driving, Tr. at p. 21, a finding well supported both by Dr. McGinn's opinion and Plaintiff's own hearing testimony. Tr. at pp. 45-46 & 548.

> The ALJ also found Plaintiff to have certain exertional limitations, specifically:
>
> She can lift and carry five pounds frequently and 10 pounds occasionally, sit for seven hours, with normal breaks, in an eight-hour workday and stand and/or walk one hour, with normal breaks, in an eight-hour workday. She can perform pushing and pulling motion with her upper and lower extremities within the aforementioned weight restrictions, no work above shoulder level. She can occasionally climb stairs and ramps, stoop, balance, and crawl and she should avoid climbing ladders, ropes, and scaffolds, crouching and kneeling.

Tr. at p. 21. A review of the record establishes that the medical evidence as a whole and Dr. Prezio's opinion in particular, which the ALJ credited, along with Plaintiff's own testimony provides substantial evidence for these limitations. Dr. Prezio noted mild to moderate limitations on Plaintiff's ability to do any heavy lifting or to engage in prolonged standing, walking, squatting, kneeling or bending. Tr. at p. 340. This certainly supports the ALJ's decision to limit Plaintiff to standing or walking just one

14

hour during the day as well as limiting or excluding her from stooping, balancing, crawling, climbing, crouching or kneeling. Tr. at p. 21. These limitations were also consistent with Plaintiff's testimony about her own daily activities and abilities. Tr. at pp. 34-54. Plaintiff testified that she could lift five pounds, Tr. at p. 38, which provides substantial evidence for the conclusion that she could do so frequently. Dr. Prezio's opinion further supports the finding that Plaintiff could lift ten pounds occasionally. Tr. at p. 340.

Steps four and five of the sequential analysis involve the determination and application of the Plaintiff's RFC. *See* 20 C.F.R. § 404.1520(a)(4). This analysis entails:

> Step 4: The Commissioner evaluates whether the claimant's RFC would allow her to perform her past relevant work. If so, she will be found not disabled.
>
> Step 5: The Commissioner considers the claimant's RFC, age, education and past work experience to determine whether she is capable of performing other work. If the claimant cannot perform other work, she will be found disabled. If the claimant can perform other work, she will be found not disabled.

*Ewing v. Astrue*, 2013 WL 1213129, at *4.

At step four, the ALJ concluded that Plaintiff could not perform her past relevant work, Tr. at p. 25, a conclusion favorable to Plaintiff which she presumably would not dispute.

At step five, the ALJ concluded that Plaintiff could not perform her past work as a bank teller, but that she could perform other jobs existing in significant numbers in the

15

national economy. Tr. at pp. 25-26. To assist with the step five determination, the ALJ called a vocational expert to testify at Plaintiff's hearing. Tr. at pp. 54-63; *see also* 20 C.F.R. § 404.1566(e).

> When utilizing a VE, the ALJ poses hypothetical questions which must reflect the full extent of the claimant's capabilities and impairments to provide a sound basis for the VE's testimony. When a hypothetical question meets that requirement, and is supported by substantial evidence, VE testimony suffices as substantial evidence to support a step five finding.

*Boyer v. Berryhill*, 2017 WL 1207833, at *5 (N.D.N.Y. Mar. 31, 2017) (citations omitted); *see also Sontz v. Colvin*, 2016 WL 4444876, at *7 (N.D.N.Y. Aug. 23, 2016) ("An ALJ may rely on a VE's testimony regarding the availability of work as long as the hypothetical facts the expert is asked to consider are based on substantial evidence and accurately reflect the plaintiff's limitations.").

The hypotheticals posed to the VE were consistent with the properly supported RFC. Tr. at pp. 56-63. The VE testified to several jobs that an individual with the identified limitations would be able to perform. Tr. at pp. 57-58 (document preparer, 47,000 jobs; grinding machine operator, 71,000 jobs) & 61 (table worker, 464,000 jobs). Those numbers are clearly "a significant number of jobs" within the national economy. 20 C.F.R. § 404.1566(b); *Roe v. Colvin*, 2015 WL 729684, at *7 (N.D.N.Y. Feb. 19, 2015) (44,000 jobs constitute sufficient numbers in national economy).

For the reasons set forth above, the ALJ applied the correct legal standards in applying the five step sequential analysis and his conclusions at each step were

16

supported by substantial evidence. The Commissioner's determination, therefore, is affirmed.

### B. Information Submitted to the Appeals Council

Defendant's brief raises an additional issue for consideration, the propriety of the Appeals Council's consideration of the information submitted to it following the ALJ's decision. Dkt. No. 16, Def.'s Mem. of Law at p. 13. On administrative appeal, Plaintiff submitted to the Appeals Council material from Dr. James Schneider dated November 28, 2016. Tr. at pp. 2 & 209-210. This was one month after the issuance of the ALJ's decision. *See* Tr. at p. 26. The Appeals Council concluded that this was not basis for reversing the ALJ's decision because the new evidence "does not relate to the period at issue." Tr. at p. 2. This decision by the Appeals Council is no basis for relief. The new report post-dates the ALJ's decision and so "the ALJ can hardly be faulted for failing to consider it." *Ritter v. Astrue*, 2012 WL 1799192, at *4 (N.D.N.Y. Jan. 24, 2012).

Moreover, it appears that the purported new evidence – specifically that Plaintiff needed the accommodation of elevating her legs due to knee swelling – was, in fact, information which the ALJ was already generally aware. Plaintiff testified at the hearing that she suffered swelling in her knees and the ALJ questioned her about the extent of that condition. Tr. at pp. 37 & 42. The ALJ, therefore, was clearly aware of this condition and nonetheless chose not to impose any elevation limitation in Plaintiff's RFC. When addressing the Appeals Council's consideration of new evidence, the Court must consider whether evidence is new and material, *i.e.*, was likely to affect the ALJ's

17

determination. *Brown ex rel. S.W. v. Astrue*, 2008 WL 3200246, at *14 (N.D.N.Y. Aug. 5, 2008). Given that the ALJ was aware of the knee swelling, "this court cannot conclude that the new opinion evidence was reasonably likely to have altered the ALJ's decision. Therefore, remand is unnecessary." *Sherrill B. v. Comm'r of Soc. Sec.*, 2018 WL 4150881, at *11 (N.D.N.Y. Aug. 30, 2018)

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: March 20, 2019
    Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge